Filed 3/30/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| COUNTY OF RIVERSIDE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PUBLIC EMPLOYMENT RELATIONS BOARD,<br><br>Defendant and Appellant;<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 721,<br><br>Real Party in Interest and Appellant. | D069065<br><br>(Super. Ct. No. RIC1305661) |

APPEALS from a judgment, a writ, and orders of the Superior Court of Riverside County, John W. Vineyard, Judge. Affirmed in part, reversed in part, and remanded.

Wendi L. Ross, Mary Weiss, J. Felix De La Torre, Joseph Eckhart, Blaire Baily and Ronald R. Pearson for Defendant and Appellant Public Employment Relations Board.

Najeeb Khoury for Real Party in Interest and Appellant Service Employees International Union, Local 721.

The Zappia Law Firm, Edward P. Zappia and Anna Zappia for Plaintiff and Appellant County of Riverside.

Renne Sloan Holtzman Sakai, Timothy G. Yeung and Erich W. Shiners for League of California Cities and California State Association of Counties as Amicus Curiae on behalf of Plaintiff and Appellant County of Riverside.

INTRODUCTION

This case requires us to decide whether the provisions in the Meyers-Milias-Brown Act (Act) (Gov. Code, § 3500 et seq.)[1] for impasse resolution through advisory factfinding (factfinding provisions) violate article XI, section 11, subdivision (a), of the California Constitution by delegating a county's or a city's home rule powers to a private person or body. We conclude the factfinding provisions do not violate this section of the California Constitution because the provisions do not divest a county or a city of its final decisionmaking authority.

This case also requires us to decide whether the Act's factfinding provisions apply to impasses arising during the negotiation of any bargainable matter or only to impasses arising during the negotiation of a comprehensive memorandum of understanding (MOU). For the reasons stated in *San Diego Housing Commission v. Public Employment Relations Board* (Mar. 30, 2016, D066237) __ Cal.App.4th __, we conclude the

---

[1] Further statutory references are also to the Government Code unless otherwise stated.

2

factfinding provisions apply to impasses arising during the negotiation of any bargainable matter.[2] As the trial court reached a different decision on this point, we reverse the judgment and the related writ and orders and remand the matter for further proceedings consistent with this opinion.

BACKGROUND

The County of Riverside (County) is a local public agency subject to the Act. (§ 3501, subd. (c).) Service Employees International Union, Local 721 (Union) is an employee organization and the exclusive representative of certain County employees. The Public Employment Relations Board (Board) is a quasi-judicial administrative agency modeled after the National Labor Relations Board and administers the Act. (*County of Los Angeles v. Los Angeles County Employee Relations Com.* (2013) 56 Cal.4th 905, 916 (*County of Los Angeles*); §§ 3501, subd. (f), 3509, subd. (a), 3541, subd. (g).)

The County implemented a new background check policy requiring information technology employees represented by the Union to pass a background check. An employee's failure to pass the background check provided grounds to discharge the employee. The County and the Union entered negotiations over the effects of the policy, but were unable to reach an agreement. After the Union declared an impasse and the County declined the Union's offer to mediate the dispute, the Union submitted a request

_____

[2] We previously ordered this appeal considered with the appeal in *San Diego Housing Commission v. Public Employment Relations Board* (Mar. 30, 2016, D066237) __ Cal.App.4th __.

3

to the Board for factfinding. The Board granted the Union's request over the County's objection.[3]

The County filed a petition for writ of mandate and a complaint for declaratory relief, injunctive relief, breach of contract, and statutory and constitutional violations (complaint). The County claimed the Act's factfinding provisions apply only to impasses arising from negotiations for a new or successor MOU, not to discrete bargainable issues. The County further claimed the Act's factfinding procedures violated the County's constitutional right to establish compensation for its employees.

To bring the complaint to a decision point, the County filed three concurrent motions. After a stipulation by the parties, the court ordered one of the motions taken off calendar and set a hearing date and briefing schedule for the remaining motions (scheduling order). While the County's remaining motions were pending, the Board filed a special motion to strike the complaint under Code of Civil Procedure section 425.16, commonly referred to as the anti-SLAPP (strategic lawsuit against public participation) statute. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 57 & fn. 1.) In the motion, the Board argued the court should strike the County's complaint because

---

[3] The Union withdrew its factfinding request while this case was pending in the trial court. None of the parties contends this case is moot. "A case is moot when the reviewing court cannot provide the parties with practical, effectual relief. [Citation.] In such cases, the appeal generally should be dismissed. [Citation.] But even if a case is technically moot, the court has inherent power to decide it where the issues presented are important and of continuing interest." (*City of San Jose v. International Assn. of Firefighters, Local 230* (2009) 178 Cal.App.4th 408, 417-418.) Even if this action "is technically moot, given the important issues presented, 'it is appropriate for us to retain and decide the matter.' " (*Id.* at p. 418.)

4

the complaint was based on the Board's statutorily required and protected activity of processing the Union's factfinding request, and the complaint lacked merit.

The Board scheduled the anti-SLAPP motion to be heard before the County's motions. After the Board filed the anti-SLAPP motion, the County unilaterally obtained an earlier hearing date for its motions and refiled them. The Board then filed an ex parte application seeking confirmation of the scheduling order and sanctions under Code of Civil Procedure section 177.5 against the County for violating it. The court granted the application in part by ordering the anti-SLAPP motion, the Board's request for sanctions, and the County's motions to be heard on the day on which the County's motions had originally been set in the scheduling order.

At the motion hearing, the court denied the anti-SLAPP motion, finding the anti-SLAPP statute did not apply because the gravamen of the County's claim did not involve protected activity. The court also denied the Board's request for sanctions under Code of Civil Procedure section 177.5, finding that, although the County technically violated the scheduling order, the County's actions were substantially justified by the parties' general lack of communication and gamesmanship.

As to the County's motions, the court denied one of the motions, which challenged the constitutionality of the Act's factfinding provisions, after finding the provisions were not unconstitutional because they did not deprive the County of its right to implement its last, best, and final offer. However, the court granted the other motion, which challenged the scope of the factfinding provisions, after finding the provisions applied only to impasses arising from negotiations for a successor or comprehensive MOU. The court

5

subsequently issued an injunction and a writ of mandate precluding the Board from processing any factfinding requests under the Act not arising from negotiations for a new or successor MOU. The court also granted a motion by the County for $15,000 in attorney fees and costs under Code of Civil Procedure sections 128.5 and 425.16, subdivision (c)(1), after finding the Board's anti-SLAPP motion was frivolous. The court denied the County's request for attorney fees under Code of Civil Procedure section 1021.5.

The Board appealed the writ, the injunction, the order denying the Board's request for sanctions under Code of Civil Procedure section 177.5, the order denying the Board's anti-SLAPP motion, and the order awarding the County attorney fees and costs under Code of Civil Procedure sections 128.5 and 425.16, subdivision (c)(1). The County appealed the order denying its motion as to the constitutionality of the factfinding provisions and the order denying its motion for attorney fees under Code of Civil Procedure section 1021.5.

## DISCUSSION

### I

Preliminarily, the County questions the Board's standing to appeal. Any party aggrieved by a judgment may appeal the judgment. (Code Civ. Proc., § 902.) "An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236.) An

6

aggrieved party includes a party against whom an appealable order or judgment has been entered. (*Ely v. Frisbie* (1861) 17 Cal. 250, 260.)

In this case, the court issued orders, a writ, and a judgment against the Board. The orders, writ, and judgment effectively nullify a Board decision regarding the application of the Act and require the Board to pay a significant attorney fees award. Accordingly, we conclude the orders, writ and judgment injuriously affected the Board's interests in an immediate and substantial way such that the Board is an aggrieved party with standing to appeal.

II

A

The County next contends the court erred in determining the Act's factfinding provisions do not interfere with a county's and city's home rule powers protected by article XI, section 11, subdivision (a), of the California Constitution.[4] The County's

---

[4]    In the trial court, the County also challenged the constitutionally of the Act's factfinding provisions under article XI, section 1, subdivision (b) of the California Constitution, which provides: "The Legislature shall provide for county powers, an elected county sheriff, an elected district attorney, an elected assessor, and an elected governing body in each county. Except as provided in subdivision (b) of Section 4 of this article, each governing body shall prescribe by ordinance the compensation of its members, but the ordinance prescribing such compensation shall be subject to referendum. The Legislature or the governing body may provide for other officers whose compensation shall be prescribed by the governing body. The governing body shall provide for the number, compensation, tenure, and appointment of employees." The County's opening brief raises no specific arguments on this point. We, therefore, treat the point as having been abandoned. (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538; *Kelly v. CB&I Constructors, Inc.* (2009) 179 Cal.App.4th 442, 451-452; *Lyons v. Chinese Hospital Assn.* (2006) 136 Cal.App.4th 1331, 1336, fn. 2.)

contention presents a facial challenge to the Act's factfinding procedures, which requires the County to demonstrate that the procedures " ' inevitably pose a present total and fatal conflict with applicable constitutional prohibitions.' " (*County of Sonoma v. Superior Court* (2009) 173 Cal.App.4th 322, 337 (*County of Sonoma*).) We review this challenge de novo. (*Ibid*.)

B

The California Constitution prohibits the Legislature from delegating "to a private person or body power to make, control, appropriate, supervise, or interfere with county or municipal corporation improvements, money, or property, or to levy taxes or assessments, or perform municipal functions." (Cal. Const., art. XI, § 11, subd. (a).) "In deciding whether the Legislature has exceeded its power, we are guided 'by well settled rules of constitutional construction. Unlike the federal Constitution, which is a grant of power to Congress, the California Constitution is a limitation or restriction on the powers of the Legislature. [Citations.] Two important consequences flow from this fact. First, the entire law-making authority of the state, except the people's right of initiative and referendum, is vested in the Legislature, and that body may exercise any and all legislative powers which are not expressly or by necessary implication denied to it by the Constitution. [Citations.] In other words, "we do not look to the Constitution to determine whether the legislature is authorized to do an act, but only to see if it is prohibited." [Citation.] [¶] Secondly, all intendments favor the exercise of the Legislature's plenary authority: "If there is any doubt as to the Legislature's power to act in any given case, the doubt should be resolved in favor of the Legislature's action. Such

8

restrictions and limitations [imposed by the Constitution] are to be construed strictly, and are not to be extended to include matters not covered by the language used." ' [Citations.] On the other hand, 'we also must enforce the provisions of our Constitution and "may not lightly disregard or blink at ... a clear constitutional mandate." ' " (*County of Riverside v. Superior Court* (2003) 30 Cal.4th 278, 284-285 (*County of Riverside*).)

The constitutionality of the Act's factfinding provisions turns on whether the provisions divest the County of its final decision-making authority. (*County of Riverside*, *supra*, 30 Cal.4th at p. 289; *County of Sonoma*, *supra*, 173 Cal.App.4th at p. 340.) Article XI, section 11, subdivision (a), of the California Constitution is " 'inapplicable to statutes which are dependent, for their effectiveness, upon local option.' " (*County of Sonoma*, at p. 356.)

The Act's factfinding provisions are designed to provide a public agency at an impasse in negotiations with a union additional information and recommendations before the public agency makes a decision to impose its last, best, and final offer. (§§ 3505.4, subds. (c) & (d), 3505.5, subd. (a), 3505.7.) The factfinding provisions do not delegate to factfinding panels any power to make any binding decisions affecting public agency operations. (§ 3505.5, subd. (a).) The public agency still retains the ultimate power to refuse an agreement and make its own decisions. (§ 3505.7.) Therefore, the factfinding provisions do not unconstitutionally interfere with the public agency's home rule powers.

*County of Riverside*, *supra*, 30 Cal.4th 278, upon which the County relies, is distinguishable. This case involved a statute compelling a public agency to submit certain bargaining disputes to binding arbitration. Because the results of the arbitration

9

were binding on the public agency, the statute deprived the public agency of the ultimate power to make its own decisions. (*Id.* at pp. 282, 288-289, 291.)

The County's reliance on *County of Sonoma*, *supra*, 173 Cal.App.4th 322, is similarly misplaced. This case involved a statute compelling a public agency to submit certain bargaining disputes to arbitration, the outcome of which would be binding unless rejected by a unanimous vote of the public agency's governing body. (*Id.* at pp. 333-334.) The statute gave the public agency the power to prevent another body from making a binding decision, but did not give the public agency the power to make its own decision. (*Id.* at p. 344.) Since a minority of the public agency's governing body could cause the arbitration decision to become binding, the statute also had the effect of allowing less than a majority of the governing body to make a final decision. (*Id.* at pp. 346-348.) If either one member voted against rejection or was absent or abstained, the decision would "become binding even if a majority or supermajority of the governing body votes to reject it." (*Id.* at p. 355.) In such cases, it would be an arbitration panel created by the Legislature, not the public agency's governing body, making the ultimate decision on the disputed issues. (*Ibid.*)

Unlike the *County of Riverside* case, the Act's factfinding provisions do not result in a binding decision. Unlike the *County of Sonoma* decision, the factfinding provisions do not result in a decision that will become binding unless rejected by a unanimous vote of the public agency's governing body. Rather, the factfinding provisions result in advisory findings and recommendations, which the public agency remains free to reject.

10

Accordingly, neither the *County of Riverside* case nor the *County of Sonoma* case compel a conclusion the factfinding provisions are unconstitutional.

## III

### A

Turning to the Board's appeal, the Board contends the court erred in denying the anti-SLAPP motion. The Board further contends that, even if the court did not err in denying the motion, the court erred in awarding the County attorney fees and costs under Code of Civil Procedure sections 128.5 and 425.16, subdivision (c)(1), without a showing and a finding the Board filed the motion in bad faith.

### B

"[Code of Civil Procedure section] 425.16, subdivision (b)(1), provides: 'A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.' The analysis of an anti-SLAPP motion thus involves two steps. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one "arising from" protected activity. (§ 425.16, subd. (b)(1).) If the court finds such a showing has been made, it then must consider whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even

11

minimal merit—is a SLAPP, subject to being stricken under the statute.' " (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 819-820.) We review the denial of an anti-SLAPP motion de novo, as the issues raised are purely ones of law. (*San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343, 352 (*San Ramon*).)

1

Regarding the first step of the required analysis, activities protected by the anti-SLAPP statute include written or oral statements "made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or in any other official proceeding authorized by law." (§ 425.16, subd. (e)(2).) This protection "extends to statements and writings of governmental entities and public officials on matters of public interest and concern that would fall within the scope of the statute if such statements were made by a private individual or entity." (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 17.)

Whether a cause of action arises from protected activity depends upon its principal thrust or gravamen. (*Episcopal Church Cases* (2009) 45 Cal.4th 467, 477; *Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.) "[T]he critical point is whether the plaintiff's cause of action itself [is] *based on* an act in furtherance of the defendant's right of petition or free speech." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) In other words, "the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (*Ibid*.) The anti-SLAPP statute does not apply where allegations of protected activity are

12

only incidental to a cause of action based on unprotected activity. (*Martinez v. Metabolife Internat., Inc., supra*, at p. 187.)

In this case, the conduct underlying the County's complaint is the Board's processing and approval of the Union's request to utilize the Act's factfinding procedures to attempt to resolve the Union's impasse with the County. Statutory hearing procedures qualify as official proceedings authorized by law for purposes of Code of Civil Procedure section 425.16, subdivision (e)(2). (*Vergos v. McNeal* (2007) 146 Cal.App.4th 1387, 1396.) Thus, Board's conduct falls within the ambit of the anti-SLAPP statute because it constitutes speech made in connection with an issue under consideration or review in an official proceeding authorized by law. (See *Kurz v. Syrus Systems, LLC* (2013) 221 Cal.App.4th 748, 759 [lawsuit based on a decision of the Unemployment Insurance Appeals Board falls within the ambit of the anti-SLAPP statute because the decision was made in connection with an issue under consideration or review in an official proceeding authorized by law]; *Vergos v. McNeal, supra*, at p. 1394 [statements and communicative conduct by a hearing officer in hearing, processing, and deciding an employee grievance were protected activity under the anti-SLAPP statute because they were connected with an issue under review in an official proceeding authorized by law].)[5]

---

5    We have previously held section 425.16, subdivision (e)(2), did not apply to a cause of action seeking judicial review of a quasi-judicial administrative decision under section 1094.5. (*Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 58.) We have no occasion to address this question here as the conduct underlying the County's complaint was not a quasi-judicial administrative decision.

We further note the California Supreme Court is currently reviewing whether the anti-SLAPP statute applies to a cause of action in which the plaintiff challenges only the

13

*San Ramon*, *supra*, 125 Cal.App.4th 343, upon which the County relies, is inapplicable because the question presented in that case was whether the challenged conduct arose out of the public agency's acts in furtherance of its right to petition or free speech. (*Id*. at p. 353; § 425.16, subd. (e)(4).) The case did not address the question presented here: whether the challenged conduct involved written or oral statements made in connection with an issue under consideration in official proceeding authorized by law. (§ 425.16, subd. (e)(2).) "It is well established, of course, that ' "cases are not authority for propositions not considered." ' " (*Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1134.)

*Graffiti Protective Coatings, Inc. v. City of Pico Rivera* (2010) 181 Cal.App.4th 1207, upon which the County also relies, did address the question presented here. However, the case is distinguishable because, unlike here, the plaintiff's claims were not based on a statement or writing made by the public agency. (*Id.* at pp. 1218, 1224.) *Young v. Tri-City Healthcare Dist.*, *supra*, 210 Cal.App.4th 35 is distinguishable for the same reason. (*Id*. at pp. 58-59.)

2

Regarding the second step of the required analysis, we conclude the County could not have established a probability of prevailing on the merits of its claims for the reasons stated in part II, *ante*, and in our decision in *San Diego Housing Commission v. Public*

validity of an action taken by a public entity in an official proceeding authorized by law, but does not seek relief against any participant in the proceeding based on the participant's protected communications. (*Park v. Board of Trustees of the California State University* (2015) 239 Cal.App.4th 1258, review granted Dec. 16, 2015, S229728.)

14

*Employment Relations Board* (Mar. 30, 2016, D066237) __ Cal.App.4th __.  As the court's award of attorney fees and costs under Code of Civil Procedure sections 128.5 and 425.16, subdivision (c)(1), was predicated on a finding the Board's anti-SLAPP motion was frivolous, we must also necessarily conclude the court erred in awarding the County fees under the anti-SLAPP statute.  Rather, because the court should have granted the Board's motion, the Board is entitled to an award of attorney fees and costs.  (Code Civ. Proc., § 425.16, subd. (c)(1); *Vergos v. McNeal*, *supra*, 146 Cal.App.4th at p. 1404.)  We, therefore, remand the matter to the court for a determination of the amount of the award.

IV

Given our conclusion in part III, *ante*, the County may no longer be considered the prevailing party in this action.  Accordingly, we need not decide whether the court erred in denying the County's motion for attorney fees under Code of Civil Procedure section 1021.5.

V

Finally, the Board contends the court erred in failing to sanction the County under Code of Civil Procedure section 177.5 for the County's violation of the scheduling order.  Code of Civil Procedure section 177.5 provides in part:  "A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the court, for any violation of a lawful court order by a person, done without good cause or substantial justification."

"The 'imposition of sanctions, monetary or otherwise, is within the discretion of the trial court. That discretion must be exercised in a reasonable manner with one of the statutorily authorized purposes in mind and must be guided by existing legal standards as adapted to current circumstances.' [Citations.] 'When the question on appeal is whether the trial court has abused its discretion, the showing is insufficient if it presents facts which merely afford an opportunity for a difference of opinion. An appellate tribunal is not authorized to substitute its judgment for that of the trial judge. [Citation.] A trial court's exercise of discretion will not be disturbed unless it appears that the resulting injury is sufficiently grave to manifest a miscarriage of justice. [Citation.] In other words, discretion is abused only if the court exceeds the bounds of reason, all of the circumstances being considered.' " (*In re Woodham* (2001) 95 Cal.App.4th 438, 443.)

Here, the court denied the Board's motion for sanctions because it found the Board's violation of the scheduling order was minor and neither party's handling of scheduling matters was entirely laudable. The record amply supports both findings. Accordingly, we cannot conclude the court's decision not to sanction the County exceeded the bounds of reason, all circumstances considered.

## DISPOSITION

The judgment, writ, order denying the Board's anti-SLAPP motion, and order awarding attorney fees and costs to the County under Code of Civil Procedure sections 128.5 and 425.16, subdivision (c)(1), are reversed. The other orders appealed by the Board and the County are affirmed. The matter is remanded to the court for further proceedings consistent with this opinion as well as a determination of the amount of

16

attorney fees and costs to be awarded to the Board under Code of Civil Procedure section 425.16, subdivision (c)(1). The Board is awarded its costs on appeal.


                                                          MCCONNELL, P. J.

WE CONCUR:


MCINTYRE, J.


AARON, J.