Filed 9/30/20  Flores v. Hoagland CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| EDUARDO FLORES,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PETER M. HOAGLAND et al.,<br><br>Defendants and Respondents;<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>Respondent. | D075480<br><br><br>(Super. Ct. No. 37-2017-00033989-CU-MM-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Eduardo Flores, in pro. per. for Plaintiff and Appellant.

Davis, Grass, Goldstein & Finlay and Jeffery W. Grass for Defendants and Respondents Peter M. Hoagland and San Diego Cardiac Center Medical Group, Inc.

No appearance for Respondent.

# I

## INTRODUCTION

This appeal arises from a medical malpractice action filed by Eduardo Flores in September 2017 alleging Peter Hoagland, M.D., was negligent in providing preoperative cardiac consultation and, as a result, Flores suffered injuries related to a neurosurgical procedure in June 2014. The trial court sustained without leave to amend a demurrer filed by defendants Dr. Hoagland and San Diego Cardiac Center Medical Group, Inc. on the basis that Flores's action was barred by the three-year statute of limitations set forth in Code of Civil Procedure section 340.5. The court entered a judgment of dismissal on May 4, 2018.

Instead of timely appealing the judgment, Flores filed numerous motions and ex parte applications with the trial court asking the court to reconsider its demurrer ruling and to accept the filing of a third amended complaint. Eventually, the court entered an order on December 21, 2018, declaring Flores to be a vexatious litigant and imposing a pre-filing order requiring him to obtain leave of court for any future filings. (Code Civ. Proc., §§ 391, subd. (b)(2); 397.1, subd. (a).)

Flores filed a notice of appeal from the vexatious litigant order. However, his opening brief only challenged the merits of the judgment against him; it did not raise any issue with the prefiling order. Because Flores did not timely appeal the judgment, we have no jurisdiction to consider the issues he raises on appeal. Although a prefiling order is appealable, Flores abandoned any issues related to that order by failing to properly raise them in his briefs. Therefore, we affirm the order.

2

II

BACKGROUND[1]

Eduardo Flores filed a medical malpractice action in September 2017 contending Dr. Hoagland misdiagnosed him during pre-operative cardiac consultation for brain surgery.

According to a second amended complaint, Dr. Hoagland evaluated Flores in February, March, and April 2014. Dr. Hoagland cleared Flores for neurosurgery during the April evaluation. Flores alleged, "The neurosurgery proceeded on June 9, 2014 and the result was disastrous." He alleged he experienced respiratory arrest leading to a hemorrhagic stroke requiring additional surgeries and hospitalization. He alleged he had cognitive impairments and did not become aware of Dr. Hoagland's negligence until November 2016 when he obtained his medical records from the medical group with which Dr. Hoagland practices, San Diego Cardiac Center.

On May 4, 2018, the court sustained without leave to amend the demurrer of Dr. Hoagland and San Diego Cardiac Center Medical Group, Inc. to Flores's second amended complaint because Flores's action was barred by the three-year statute of limitation set forth in Code of Civil Procedure section 340.5. Quoting *Hills v. Aronsohn* (1984) 152 Cal.App.3d 753, 758, the court explained the three-year statute, " 'places an outer limit which terminates all malpractice liability once three years have passed from the

---

[1] The record designated by Flores contains primarily his own pleadings along with some minute orders and portions of the register of action. We summarize the pertinent procedural background based on the available record.

We deny Flores's motion to correct or augment the record filed June 28, 2019, which purports to disagree with the certified court reporter's transcript of the November 20, 2018 and December 21, 2018 proceedings by offering handwritten comments and edits.

date of injury. The only instances in which belated discovery is relevant to the three-year limitations period are those which are specified in the statute. If none of these exceptions apply, the three-year outside limitations period is commenced regardless of a patient's belated discovery of [his or] her injury. [(*Id*. at p. 761)]' " The three-year statute may only be tolled if one can plead and prove fraud, intentional concealment, or the presence of a foreign body. (Code Civ. Proc., § 340.5.) The court determined none of those exceptions applied and Flores's action was barred by the statute of limitations because he did not file his action within three years of the injury he sustained on June 9, 2014.

Having completely disposed of the action, the court entered judgment in favor of the defendants on May 18, 2018. The defendants filed a notice of entry of judgment on May 24, 2018.

Over the next six months, Flores filed the following ex parte applications and motions asking the court to reconsider its prior rulings and allow him to file a third amended complaint:

- May 30, 2018 ex parte application asking the court to review a proposed third amended complaint.
- June 18, 2018 motion for reconsideration of the dismissal asking the court to review a third amended complaint. The court denied the motion stating it did not have jurisdiction to entertain a reconsideration motion after entry of the judgment.
- August 3, 2018 motion to set aside the judgment and request for the court to consider a third amended complaint. The court denied the motion noting Flores had not provided any argument or evidence to set aside the judgment pursuant to Code of Civil Procedure section 473, subdivision (b).

4

- September 19, 2018 ex parte application seeking clarification of the court's order denying the motion to set aside the judgment and asking if the court considered his third amended complaint. The court denied the application.

- October 29, 2018 ex parte application to file a third amended complaint stating it was lost and the court should have considered it before ruling on the demurrer.

- November 16, 2018 ex parte application asking why the court rejected his third amended complaint.

On November 20, 2018, the court denied Flores's latest application to consider a third amended complaint. On its own motion, the court set an order to show cause hearing regarding why Flores should not be declared a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(2), for repeatedly relitigating the validity of the determination in favor of the defendants.

At the order to show cause hearing on December 21, 2018, Flores continued to argue the merits of his malpractice case and asked the court to consider his proposed third amended complaint.

The court noted it entered judgment in favor of the defendants in May 2018 and Flores had "asked and re-asked" the court to reconsider its ruling thereafter. The court each time "explained and re-explained the rationale for its ruling sustaining [d]efendants' [d]emurrer and entry of [j]udgment." The court determined Flores's repeated applications asking the court to reconsider its prior rulings had become frivolous. The court issued an order finding Flores to be a vexatious litigant as defined by Code of Civil Procedure section 391, subdivision (b)(2) and precluding him from filing further papers in this litigation without leave of court. (Code Civ. Proc, § 391.7, subd. (a).)

5

Flores filed a notice of appeal on January 8, 2019 appealing the December 21, 2018 order.

## III

## DISCUSSION

## A

### *Lack of Jurisdiction to Consider Judgment*

Flores's opening brief challenges only the merits of the court's order sustaining the defendants' demurrer to the second amended complaint based on the statute of limitations. The judgment was entered on May 18, 2018, and the record reflects a notice of entry of judgment was filed shortly thereafter. Flores did not timely appeal the judgment, either within 60 days of the service of the notice of entry of judgment or within 180 days of the entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1).) Therefore, we are precluded from reviewing the merits of the demurrer ruling. (Code Civ. Proc., § 906; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal."]; *Pfeifer v. John Crane, Inc.* (2013) 220 Cal.App.4th 1270, 1315–1316 [" ' "[i]f a judgment or order is appealable, an aggrieved party must file a timely appeal or forever lose the opportunity to obtain appellate review" ' "].)

B

*Vexatious Litigant Order*

An order imposing prefiling requirements against a vexatious litigant pursuant to Code of Civil Procedure section 391.7 is effectively an injunction and is, therefore, appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(6).  (See *Luckett v. Panos* (2008) 161 Cal.App.4th 77, 85.)  The December 21, 2018 order was such an order and, therefore, Flores's appeal was timely as to that order.

"A court exercises its discretion in determining whether a person is a vexatious litigant.  [Citation.]  We uphold the court's ruling if it is supported by substantial evidence.  [Citations.]  On appeal, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment."  (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 219.)

Flores abandoned any challenge to the merits of this prefiling order by failing to raise any such issues in his opening brief.  (*County of Riverside v. Public Employment Relations Bd.* (2016) 246 Cal.App.4th 20, 27, fn. 4; *Behr v. Redmond* (2011) 193 Cal.App.4th 517, 538.)  We decline to consider belated statements in his reply brief contending the court abused its discretion in entering the order because it did not consider the merits of his case.  "We decline to consider the issue … in deference to the rule that ' "points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before." ' " (*Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10.)

7

IV

DISPOSITION

The order is affirmed.  Respondents shall recover their costs on appeal.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


IRION, J.